JULIA FLYNN *vs.* MARGARET SULLIVAN.

Androscoggin.    Opinion February 5, 1898.

*Deed.    Evidence.    Rule of Court XXVI.    R. S., c. 82,.§ 110.*

When an office copy of a deed from the registry is read in evidence in a real action, a presumption of its execution and delivery arises; but when this presumption is rebutted by evidence, then further proof of execution must be made, or it fails to serve as proof of a conveyance.

ON MOTION BY PLAINTIFF.

This was a real action in which the plaintiff sought possession from the defendant, her sister, of a lot of land and the buildings thereon situate on Blake street in Lewiston.

Plea, the general issue with a brief statement, also, alleging the further defense of adverse possession. The jury returned a verdict for the defendant.

The facts are stated in the opinion.

*D. J. McGillicuddy and F. A. Morey*, for plaintiff.

Mere possession and receiving rents is not evidence of an ouster. *Wass* v. *Bucknam*, 38 Maine, 356.

A possession which gives title must be adverse for all the requisite time, and so notorious that the owner may be presumed to have knowledge that it is adverse. *Morse* v. *Williams*, 62 Maine, 446.

In *Eaton* v. *Jacobs*, 49 Maine, 560, court says, "It is true the evidence was conclusive of the tenant's possession for more than twenty years, but of no claim of ownership in her own right. The motion, then, to set aside the verdict as against the evidence, must be sustained."

If a tenant in common enters in the common property, and takes the whole rents and profits, without paying over any share thereof to his co-tenants, his possession is not to be considered adverse. *Thornton* v. *York Bank*, 45 Maine, 162.

Acts of defendant not even prima facie evidence of adverse possession. *Mansfield* v. *McGinniss*, 86 Maine, 118; *Hudson* v. *Coe*, 79 Maine, 83.

How can defendant claim title by adverse possession when she says that she never executed the deed? She could not all of this time have been claiming title adversely to McCarty because she says she never gave him title. With deed established the evidence precludes the claim of adverse possession against McCarty.

*R. W. Crockett*, for defendant.

In *Hewes* v. *Coombs*, 84 Maine, p. 434, we find a case very parallel to this. It seems that the plaintiff in that case introduced in evidence a deed from the husband of the defendant to one Hewes the ancestor of the plaintiff. After this sale of land we find the grantor occupying the premises paying the taxes and making improvements, his heirs continuing as he had done. These facts it appears were taken as conclusive evidence of a repudiation of the deed and the open exclusive and adverse possession, continuing for twenty years, by arbitrary rules of law worked a title. In the case under discussion we have an almost similar state of affairs. After the alleged conveyance of 1875 we find our grantor in continual occupation—open, notorious, exclusive and adverse,—we find her from preceding testimony paying the current expenses, making improvements; in fine doing those same things that in the above quoted case consummated a repudiation of title and in time worked a disseizin. And it is a noticeable fact that nowhere in the testimony is there a shadow of a denial of this fact.

"It is better that the negligent owner, who has omitted to assert his right within the prescribed period, should lose his right, than that an opening should be given to interminable litigation, exposing parties to be harassed by stale demands, after the witnesses of the facts are dead, and the evidence of the title lost." *Brackett* v. *Persons Unknown*, 53 Maine, 238.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

HASKELL, J. Writ of entry to recover land. Plea, nul disseisin. The burden rested upon plaintiff to prove title to the land demanded. To do this plaintiff read in evidence a deed from defendant to Daniel McCarthy, her brother, dated December 14, 1875, and a subsequent deed from his son and sole heir, he being dead, to herself.

The defendant testifies squarely that she did not sign or give the deed. It was signed by mark and witnessed and acknowledged by and before a justice of the peace. Whether the original or a copy of its record was read does not appear. A copy from the record is sent up and we suspect was used at the trial. If the original were read its execution must be proved if denied. If the copy were used, such proof in the first instance would not be required, R. S., c. 82, § 110, Rule XXVI, but it only raised a presumption and served as prima facie evidence of its execution and delivery. If this presumption be rebutted, then further proof of execution and delivery must be made. *Whitmore* v. *Learned*, 70 Maine, 276 ; *Webber* v. *Stratton*, 89 Maine, 379.

The facts in this case are that either a copy of the record or the original deed was read in evidence without any proof whatever of execution and delivery. Defendant as a witness denies both. Certainly her denial called for more proof than mere production of the document. Her brother had some pork in her cellar that was damaged by water from the street. He asked her for her deed, the deed to her, presumably, to claim damages of the city, and she gave it to him and he returned it in about a year. She occupied,

controlled and repaired the premises ever since she purchased them in 1865. This brother became a pauper and she took him from the poor farm about six years ago and supported him at her house until he died, some three years after. The plaintiff, a sister of defendant, now claims by conveyance from the sole heir of this brother, and the question is whether he had a deed from the defendant, that she denies. She is infirm, nearly blind and well along in years. From her testimony and the circumstances of the case and her continued occupation and control of the property it may well be said that any presumption arising from the production of her supposed deed, without further proof of execution, is fairly rebutted. Plaintiff's chain of title is, therefore, broken.

*Motion overruled.*